UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:16-CV-2436-G |
| KIPP FOUNDATION, ET AL., | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court are motions to dismiss, or alternatively, motions for a more definite statement filed by the defendants, KIPP Foundation, KIPP, Inc., and KIPP Texas Schools (docket entries 32 and 40). For the reasons stated below, the motions are granted in part and denied in part.

I. BACKGROUND

The plaintiff, Springboards to Education, Inc. ("Springboards"), is an educational company specializing in children's literacy. First Amended Complaint ("Amended Complaint") (docket entry 21). The Knowledge Is Power Program

("KIPP") is a non-profit network of public charter schools located in Texas and throughout the country. *Id.* ¶ 32. The KIPP Foundation trains and develops teachers and facilitates ideas across KIPP schools. *Id.* KIPP, Inc. and KIPP Texas Schools oversee KIPP public charter schools in Texas. *Id.*

This action revolves around Springboards's "Read a Million Words Campaign." Amended Complaint ¶¶ 15-16. The campaign encourages students to take an oath to read at least one million words by the end of the school year. *Id.* ¶ 16. As part of the campaign, schools may purchase a kit from Springboards that contains educational materials and other products designed to incentivize students to read at least one million words by the end of the school year. *Id.* ¶ 17. A student who reads at least one million words becomes a "Millionaire Reader" and is inducted into the "Millionaire's Reading Club." *Id.* ¶ 19. The program includes an induction ceremony featuring red carpet parties and rented limousines. *Id.* Springboards has marketed this program to thousands of educators nationwide. *Id.* ¶ 21.

Springboards registered the following trademarks as part of the program: "Read a Million Words"; "Millionaire Reader"; "Millionaire's Reading Club"; "Million Dollar Reader"; and "Feel Like a Million Bucks." *Id.* ¶ 22. Additionally, Springboards also has two common law trademarks: "Reading Rules" and "Star Struck Reader." *Id.* ¶ 25. Springboards uses these trademarks in its "Read a Million Words" campaign. *Id.* ¶ 27. Springboards features the marks on incentive products

including bookmarks, blow-up dollar bills, pencils, and certificates. *Id.* Springboards has exclusively used and promoted the marks for over a decade. *Id.* ¶ 29.

Springboards alleges that KIPP schools in Texas have used the marks "Millionaire Reader," "#millionairereader," and "Millionaire" in social media postings. *Id.* ¶ 37. KIPP schools outside of Texas have used similar terms, such as "Millonaire's Club." *Id.* ¶ 38. Springboards contends that these marks are either identical to, substantially indistinguishable from, or confusingly similar to Springboards's trademarks. *Id.* ¶ 44. Moreover, the KIPP entities are allegedly manufacturing and/or distributing products containing confusingly similar language. *Id.* ¶ 46. Springboards has not authorized any KIPP entity to use its products. *Id.* ¶ 49.

As a result, Springboards asserts claims for: (1) trademark counterfeiting, 15 U.S.C. § 1114; (2) trademark infringement, 15 U.S.C. § 1114; (3) false designation of origin false descriptions, 15 U.S.C. § 1125(a); (4) trademark dilution, 15 U.S.C. § 1125(c); (5) Texas anti-dilution statute, TEX. BUS. & COM. CODE § 16.103; (6) common law trademark infringement; (7) common law unfair competition; and (8) conspiracy. *Id.* ¶¶ 54-135.

On February 14, 2017, the KIPP Foundation filed its motion to dismiss, or alternatively, for a more definite statement. Motion to Dismiss or Alternatively Motion for More Definite Statement Filed by the KIPP Foundation (docket entry

32); Defendant KIPP Foundation's Brief in Support of Its Motion ("KIPP Foundation's Brief") (docket entry 33).  On March 3, 2017, KIPP, Inc. and KIPP Texas Schools filed their motion to dismiss, or alternatively, for a more definite statement.  KIPP, Inc. and KIPP Texas Schools's Motion to Dismiss Plaintiff's First Amended Complaint or Alternative Motion for More Definite Statement ("KIPP, Inc. and KIPP Texas Schools's Brief") (docket entry 40).  On March 21, 2017, Springboards timely filed a response to the KIPP Foundation's motion to dismiss.  Plaintiff's Response to Defendant KIPP Foundation's Motion and Brief in Support ("Springboards's KIPP Foundation Response") (docket entry 47).  On April 4, 2017, the KIPP Foundation timely filed a reply to the response to its motion.  Defendant KIPP Foundation's Reply Brief in Support of It's Motion ("KIPP Foundation's Reply") (docket entry 49).  On April 7, 2017, Springboards timely filed a response to KIPP, Inc. and KIPP Texas Schools's motion to which KIPP, Inc. and KIPP Texas Schools filed a timely reply.  Plaintiff's Response to Defendant KIPP, Inc. and KIPP Texas Schools's Motion ("Springboards's KIPP, Inc. and KIPP Texas Schools Response") (docket entry 50); KIPP, Inc. and KIPP Texas Schools's Reply Brief ("KIPP, Inc. and KIPP Texas Schools's Reply") (docket entry 53).  The motions are now ripe for decision.

## II. ANALYSIS

### A. Legal Standards

#### 1. *Rule 12(b)(1)*

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts."

*MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).  Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper.  *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996).

### 2.  *Rule 12(b)(6)*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Id.* (quoting *Martin K. Eby Construction*

*Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims "across the line from conceivable to plausible." See *id.* at 679, 683.

B. Application

1. *Governmental Immunity for Texas State Law
Claims Against KIPP, Inc. (Counts 5-8)*

KIPP, Inc. contends that it is entitled to governmental immunity from Springboards's four state law claims (counts 5-8) against it. KIPP, Inc. and KIPP Texas Schools's Brief at 6. Because governmental immunity can preclude the court from exercising jurisdiction over the matter, the burden is on Springboards to show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."), *cert. denied*, 536 U.S. 960 (2002); *KIPP, Inc. v. Whitehead*, 446 S.W.3d 99, 105 (Tex. App.--Houston [1st Dist.] 2014, writ denied). Under Texas law, governmental immunity affords immunity from suit to subdivisions of the state, including counties, cities, and school districts. *KIPP, Inc.*, 446 S.W.3d at 105. School districts are afforded protection unless the Texas legislature has clearly and unambiguously waived that privilege. *Crook v. Galaviz*, 616 Fed. App'x 747, 752 (5th Cir. 2015), *cert. denied*, __ U.S. __, 136 S. Ct. 865 (2016). Here, Springboards has not provided any evidence of a waiver. Moreover, Texas courts have consistently held that open-enrollment charter schools such as KIPP are immune from suit. See *KIPP, Inc*, 446 S.W.3d at 105. Therefore, it appears that KIPP, Inc. is immune from suit.

Springboards contends, however, that governmental immunity applies only to governmental entities engaged in proprietary functions. Springboards's KIPP, Inc. and KIPP Texas Schools Response at 3-4. Springboards relies on the Texas Supreme Court's statement that "[t]he law is well settled in this state that an independent school district is an agency of the state and, *while exercising governmental functions*, is not answerable for its negligence in a suit sounding in tort." *Id.* at 4 (quoting *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978) (emphasis added)). Springboards avers that the Texas Supreme Court's qualifying language implies that the governmental-proprietary distinction applies to charter schools and that KIPP, Inc.'s infringing actions were proprietary.[1] *Id.* at 5. However, courts have specifically held that this distinction "'only applies to municipalities.'" *Smith v. Houston Independent School District*, 229 F. Supp. 3d 571, 578 (S.D. Tex. 2017) (quoting *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 430 n.3 (Tex. 2016)). Moreover, courts have made clear that a school district "perform[s] no proprietary functions which are separate and independent of [its] governmental powers." *Id*. (insertions in original) (internal quotation marks omitted). Because Texas law treats charter schools and school districts similarly, see *Texas Education Agency v. Academy of Careers and*

---

[1] According to the Texas Supreme Court, "proprietary functions are those conducted 'in its private capacity . . . and not as an arm of the government,' while its governmental functions are 'in the performance of purely governmental matters solely for the public benefit.'" *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006) (quoting *Dilley v. City of Houston*, 222 S.W.2d 992, 993 (Tex. 1949)).

*Technologies, Inc.*, 499 S.W.3d 130, 135 (Tex. App.--Austin 2016, no writ) (holding that charter schools should be considered governmental units), Springboards has not persuaded the court that charter schools should be treated differently from public schools with respect to their ability to perform proprietary functions. In other words, Springboards has not demonstrated that the court has subject matter jurisdiction over the state law claims against KIPP, Inc. Therefore, Springboards's state law claims against KIPP, Inc. are dismissed with prejudice.

> 2. *Whether the Federal Law Claims Against KIPP, Texas and KIPP, Inc., (Counts 1-4), the State Law Claims Against KIPP Texas (Counts 5-8), and the Claims Against the KIPP Foundation (Counts 1-8) Should Be Dismissed*

The defendants contend that Springboards's claims should be dismissed for failing to comply with Rule 8(a) because the amended complaint indiscriminately refers to all three defendants as "KIPP" and/or "KIPP Defendants." KIPP Texas and KIPP, Inc.'s Brief at 9; *see also* KIPP Foundation's Brief at 4. The defendants point out that they are separate legal entities and that Springboards "has not alleged plausible facts demonstrating that each individual defendant should be held liable for the acts of another defendant." KIPP Inc. and KIPP Texas Schools's Brief at 9; *see also* KIPP Foundation's Brief at 6-7. Springboards, on the other hand, contends that the defendants' argument is without merit because its failure to distinguish between the three defendants was intentional and the allegations specifically refer to all three defendants. *See* Springboards's KIPP, Inc. and KIPP Texas Schools Response at 8-10;

- 10 -

Springboards's KIPP Foundation Response at 5-7. Springboards points out that the complaint alleges that all three defendants are part of a single network of charter schools and share the same home office, which, according to Springboards, shows possible coordination. Springboards's KIPP, Inc. and KIPP Texas Schools Response at 9.

However, as the defendants note, in *Taylor v. IBM*, 54 Fed. App'x 794 (5th Cir. 2002), the Fifth Circuit upheld the dismissal of the plaintiffs' complaint under Rule 12(b)(6) because "Appellants failed to allege specific acts of infringement by each defendant, thereby failing to adhere to the requirements of FED. R. CIV. P. 8(a)." Other courts within this circuit have dismissed claims where the plaintiff failed to allege specific acts of infringement by each defendant. See, *e.g.*, *Marshall v. McConnell*, No. CIV.A. 3:05-CV-1062-L, 2006 WL 740081, at *4 (N.D. Tex. Mar. 23, 2006) (Lindsay, J.); *Smith v. Goodell*, No. CIV.A. 14-1010, 2015 WL 500893, at *5 (E.D. La. Feb. 5, 2015) ("First, even assuming that she has properly pled ownership of a valid copyright, Smith has failed to allege specific acts of infringement by each Defendant."); *Dell, Inc. v. This Old Store, Inc.*, No. CIV.A. H-07-0561, 2007 WL 1958609, at *3 (S.D. Tex. July 2, 2007) ("It is necessary that Plaintiffs distinguish among the various Defendants and otherwise satisfy [Rules 8 and 9]."). Springboards fails to cite any case law distinguishing its complaint from other infringement actions where courts have dismissed similar complaints. Therefore, the

court concludes that the above claims should be dismissed without prejudice for failure to comply with Rule 8(a). In order to comply with Rule 8(a), it is necessary that Springboards attribute specific acts of infringement to each defendant.[2]

### III. CONCLUSION

For the reasons stated above, the defendants' motions are **GRANTED** in part and **DENIED** in part. Springboards's state law claims against KIPP, Inc. are **DISMISSED** with prejudice. Springboards's federal law claims against KIPP, Inc. and KIPP Texas are **DISMISSED** without prejudice. Springboards's claims against the KIPP Foundation are **DISMISSED** without prejudice. Springboards shall have leave to amend its complaint to cure the pleading defects described above -- if it can -- provided that Springboards's amended complaint is filed and served no later than **September 22, 2017**.

SO ORDERED.

September 7, 2017.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**

---

[2] Because the court decided the merits of the defendants' motions under Rule 12(b)(6), the defendants' motions under 12(e) are denied. See *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Insurance Co.*, 201 Fed. App'x 988, 990 (5th Cir. 2006) ("[A] Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8.").